# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| AUTO OWNERS INS. CO., )<br>    Plaintiff, )<br> )<br>v. )<br> )<br>STEVE WEAVER, )<br>d/b/a Brother-in-Law Construction, )<br>    Defendant. ) | Civil Action No. 11-00355-KD-B |

## ORDER

This matter is before the Court on Plaintiff's Rule 55(a) and Rule 55(b) application for entry of default against Defendant Weaver.[1] (Doc. 7). Plaintiff requests that the Clerk of Court enter a Rule 55 default against Defendant Glynn. As support, Plaintiff asserts that the Complaint was filed on July 6, 2011 (Doc. 1), Defendant Weaver was served on July 18, 2011 such that his answer was due by August 7, 2011, and yet to date, he has failed to plead or otherwise defend.

"When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules," it is subject to entry of default. FED.R.CIV.P. 55(a). A defendant is under no obligation to plead or otherwise defend until and unless it is "served with the summons and complaint." Id. Rule 12(a)(1)(A); *accord* Securities and Exchange Commission v. Wright, 261 Fed. Appx. 259, 261 (11th Cir. 2008). Thus, "[b]efore a default can be entered . . . the party must have been effectively served with process." 10 CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 2682 at 14 (3rd ed.1998).

A review of the record reveals no evidence that Defendant Weaver has been effectively

---

1 While Plaintiff styled his motion as one "for entry of default judgment and default judgment," because Plaintiff cited Rule 55(a) in addition to Rule 55(b), the Court construes this filing as a Rule 55(a) Application for Default and

1

served with the Summons and Complaint. Rather, based on the Rule 4(l) Proof of Service, on July 18, 2011, Plaintiff served the private process server "Gregg R. Ginder" with the Summons and Complaint, via personal service by Mr. Ginder upon Mr. Ginder, at Carr Allison, P.C., 6251 Monroe Street, Suite 200, Daphne, AL, 36526. (Doc. 3 at 2). While the Rule 4(l) Proof of Service may have been completed incorrectly, the fact remains that there is no proof of service on Defendant Weaver. Accordingly, Plaintiff's motion (Doc. 7) is **DENIED.**

**DONE** and **ORDERED** this the **24th** day of **August 2011.**

/s/ Kristi K. DuBose
**KRISTI K. DuBOSE**
**UNITED STATES DISTRICT JUDGE**

---

Rule 55(b) Motion for entry of default judgment.