IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| AUTO OWNERS INS. CO., ) | |
|     Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | Civil Action No. 11-00355-KD-B |
| STEVE WEAVER, ) | |
| d/b/a Brother-in-Law Construction, ) | |
|     Defendant. ) | |

**ORDER**

This matter is before the Court on Plaintiff's Rule 55(b) application for entry of default judgment against Defendant Steve Weaver. (Doc. 10).

**I.**     **Background**

On July 6, 2011, Plaintiff Auto Owners Insurance Company ("Plaintiff") initiated this action against Defendant Steve Weaver ("Weaver") for declaratory judgment and relief relating to a workers' compensation and employers' liability insurance policy covering Brother-in-Law Construction ("BILC"), Defendant Weaver's "d/b/a." (Doc. 1). Specifically, Plaintiff sought the court's determination as to whether it owed a duty to defend and/or indemnify said defendant against allegations by Marvin Prentis Buckley, Jr., in the underlying state court complaint *Marvin Prentis Buckley, Jr. v. Steve Weaver, d/b/a Brother-in-Law Construction, et al.*, (CV 11-0564).[1]

On August 12, 2011, Plaintiff moved for entry of default and default judgment due to

---

[1] The underlying action is a workmen's compensation case filed by one of Defendant Weaver's former employees, who alleges that on February 19, 2011, he injured his right arm and back in the line and scope of his employment for BILC, while working in Mobile, Alabama, and has been temporarily and permanently totally disabled as a result. (Doc. 1-3 at 1-6). Plaintiff Buckley alleges further that his average weekly wage at the time of the accident was no less than $1,000. (Id. at 2).

1

Weaver's failure to respond or otherwise defend this case. (Doc. 7). On August 24, 2011, the Court denied Plaintiff's motion because: "based on the Rule 4(l) Proof of Service, on July 18, 2011, Plaintiff served the private process server "Gregg R. Ginder" with the Summons and Complaint, via personal service by Mr. Ginder upon Mr. Ginder, at Carr Allison, P.C., 6251 Monroe Street, Suite 200, Daphne, AL, 36526. (Doc. 3 at 2). While the Rule 4(l) Proof of Service may have been completed incorrectly, the fact remains that there is no proof of service on Defendant Weaver." (Doc. 8 at 2).

Subsequently, Plaintiff filed a Corrected and Revised Proof of Service[2] (Doc. 9, referenced also as Doc. 1-2). This Proof of Service indicates that Defendant Weaver was personally served on July 18, 2011, at the Plaintiff's law firm, at Carr Allison, P.C., 6251 Monroe Street, Daphne, AL, 36532. (Id.)

On September 2, 2011, Plaintiff filed a motion for entry of a default against Weaver for failure to appear or otherwise defend, a copy of which was provided to Defendant Weaver as noted on the certificate of service. (Doc. 10). In support of same, Plaintiff attached Affidavits of counsel and Gregg R. Ginder, Process Server (who served Weaver). (Doc. 10 at 4-7).

On September 8, 2011, the Clerk entered a default against Weaver for failure to plead or otherwise defend. (Doc. 11). The docket sheet indicates that a copy of the entry of default order was mailed to Weaver, but was returned as undeliverable. (Id.)

Also on September 2, 2011, Plaintiff simultaneously filed the present motion for entry of default judgment (Doc. 10) requesting judgment against Weaver. The motion for default judgment

---

2 In the second motion for default judgment, Plaintiff represents that there was a "clerical error on the Proof of Service" which "has been corrected by filing a new Proof of Service, showing that Mr. Ginder [the process server] actually served defendant[.]" (Doc. 10 at 1).

states that it is filed pursuant to Rule 55(b) of the Federal Rules of Civil Procedure. In support of same, Plaintiff attached an Affidavit of Plaintiff's counsel and an Affidavit of the Gregg R. Ginder, Process Server (who served Defendant Weaver). (Doc. 10 at 4-7). The record indicates also, that Plaintiff served Weaver with a copy of its motion.

**II.    Discussion**

Rule 55(b)(2) of the Federal Rules of Civil Procedure provides, in relevant part, as follows with regard to entering a default judgment:

> (b) Entering a Default Judgment.
>
> * * *
>
> *(2) By the Court.* In all other cases, the party must apply to the court for a default judgment. A default judgment may be entered against a minor or incompetent person only if represented by a general guardian, conservator, or other like fiduciary who has appeared. If the party against whom a default judgment is sought has appeared personally or by a representative, that party or its representative must be served with written notice of the application at least 7 days before the hearing. The court may conduct hearings or make referrals--preserving any federal statutory right to a jury trial--when, to enter or effectuate judgment, it needs to:
>
> >    (A) conduct an accounting;
> >    (B) determine the amount of damages;
> >    (C) establish the truth of any allegation by evidence; or
> >    (D) investigate any other matter.

FED.R.CIV.P. 55(b)(2).

The Eleventh Circuit has held that although "a default is not treated as an absolute confession by the defendant of his liability and of the plaintiff's right to recover, a defaulted defendant is deemed to admit the plaintiff's well-pleaded allegations of fact. The defendant, however, is not held to admit facts that are not well-pleaded or to admit conclusions of law." Tyco Fire & Sec., LLC v. Alcocer, 218 Fed. Appx. 860, 863 (11th Cir. 2007) (per curiam) (citations and internal quotations omitted). And "before entering a default judgment for damages, the district court must ensure that

3

the well-pleaded allegations of the complaint . . . actually state a cause of action and that there is a substantive, sufficient basis in the pleadings for the particular relief sought." Id. (emphasis omitted). When assessing damages in connection with a default judgment, the Court has "an obligation to assure that there is a legitimate basis for any damage award it enters." Anheuser Busch, Inc. v. Philpot, 317 F.3d 1264, 1266 (11th Cir. 2007).

Upon consideration, the Court is satisfied at the present time, that the well-pleaded allegations of the Complaint state a basis for declaratory relief as to Weaver, and that there is a substantive, sufficient basis in the pleadings for the relief the Plaintiff seeks. Notably, a review of the record reveals that a default was entered against Weaver on September 8, 2011 (Doc. 11) in accordance with Rule 55 for failure to plead, answer or otherwise defend this case. Additionally, the record confirms that Weaver has been provided with notice of the default proceedings against him, as noted on Plaintiff's certificates of service. Moreover, counsel for Plaintiff has filed an Affidavit in support of its default proceedings. Further, Plaintiff attached a copy of the Policy indicating that it provided a policy for coverage to Defendant Weaver's construction company, Brother-in-Law Construction, from October 6, 2010 through October 6, 2011. (Doc. 1-4 at 1). Plaintiff alleges in the Complaint that it had "in force" the policy from October 6, 2010 to February 14, 2011, as it cancelled the policy "on or about February 14, 2011 due to non-payment of premiums[]" and "[t]he cancelation…was proper in all respects." (Doc. 1 at 2-3). As such, because Plaintiff's allegations are deemed admitted by default by Defendant Steve Weaver, d/b/a Brother-in-Law Construction, the Court hereby declares as follows:

> 1) Plaintiff does not owe insurance coverage to Defendant Steve Weaver d/b/a Brother-in-Law Construction for any of the claims or damages asserted by Marvin Prentis Buckley, Jr., in the underlying action;

2) Plaintiff does not have a duty to defend Defendant Steve Weaver d/b/a Brother-in-Law Construction and does not have a duty to pay any damages, judgment, or settlement based on the events alleged in the underlying action.

### III. Conclusion

Accordingly, upon consideration, it is **ORDERED** that Plaintiff's motion for Default Judgment (Doc. 10) is **GRANTED** such that a **DECLARATORY JUDGMENT** is rendered in favor of Plaintiff, Auto-Owners Insurance Company and against Defendant Steve Weaver d/b/a Brother-in-Law Construction ("BILC"), for his failure to plead or otherwise defend. as follows:

1) Plaintiff does not owe insurance coverage to Defendant Steve Weaver d/b/a Brother-in-Law Construction for any of the claims or damages asserted by Marvin Prentis Buckley, Jr., in the underlying action;

2) Plaintiff does not have a duty to defend Defendant Steve Weaver d/b/a Brother-in-Law Construction and does not have a duty to pay any damages, judgment, or settlement based on the events alleged in the underlying action.

A **Final Default Judgment** consistent with the terms of this Order shall issue contemporaneously herewith. The Clerk is **DIRECTED** to mail a copy of this Order, via certified mail, to Defendant Steve Weaver d/b/a Brother-in-Law Construction ("BILC") at his address of record.

**DONE** and **ORDERED** this the **29th** day of **September 2011.**

/s/ Kristi K. DuBose
**KRISTI K. DuBOSE**
**UNITED STATES DISTRICT JUDGE**